## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JOSE MAGANA ZAVALA**                                        **PETITIONER**

**V.**                                        **CIVIL ACTION NO. 3:17CV709 DCB-LRA**

**WARDEN L. SHULTS[1]**                                        **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Petitioner Jose Zavala's petition for habeas relief under 28 U.S.C. § 2241. Zavala is currently incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, and seeks to utilize the savings clause of 28 U.S.C. § 2255(e) to challenge the legality of his sentence imposed by the United States District Court for the Northern District of Georgia. Because sentencing challenges do not fall within the scope of the savings clause of § 2255 (e), the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction.

Zavala was convicted of conspiracy to possess a controlled substance with intent to distribute, possession of a firearm in furtherance of a drug crime, and conspiracy to launder money, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), 18 U.S.C. § 1956(h), and18 U.S.C. § 924(c)(1)(A). Because of a prior felony drug conviction, Zavala's mandatory minimum sentence was increased from 10 to 20 years, and he was sentenced to an enhanced term of 384 months of imprisonment. Zavala's direct appeal

---

[1] The proper respondent in habeas challenges is the custodian of the petitioner. 28 U.S.C. §§ 2242-2243. At the time of filing, Petitioner correctly named Respondent as the warden at FCC-Yazoo. Because he has since been replaced, his successor is automatically substituted. Fed. R. Civ. P. 25(d).

and post-conviction § 2255 motions were subsequently denied.  *Zavala v. United States*,

No. 13-10738-C (11th Cir. Nov. 26, 2013); *United States v. Zavala*, No. 1:07-CR-279-

31-CAP (N.D. Ga. Sept. 18, 2012); *United States v. Zavala*, 408 F. App'x 319 (11th Cir.

2011); *United States v. Zavala*, No. 1:07-CR-279-31-CAP (N.D. Ga. Nov. 4, 2011).

Petitioner now seeks relief under § 2241 via the savings clause of 28 U.S.C. § 2255(e).

Relying on the United States Supreme Court's decisions in *Mathis v. United States*, 136

S. Ct. 2243 (2016), and *Mellouli v. Lynch*, 135 S.Ct. 1980 (2015), he appears to assert

that his sentencing enhancement is no longer valid.  Because this Court lacks jurisdiction

to review a 2241 petition that challenges the validity of a sentencing enhancement, the

petition should be dismissed.

A federal prisoner may seek post-conviction relief under either § 2241 or § 2255,

but the mechanisms are distinct.  *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018)

(citing *Pack v. Yuseff*, 218 F. 3d 448, 451 (5th Cir. 2000)).  A § 2255 petition is "the

primary means of collaterally attacking a federal sentence," and is properly brought in the

district of conviction, while a § 2241 petition "is used to challenge the manner in which a

sentence is executed" and is properly brought in the district of incarceration.  *Robinson v.

United States*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation

omitted).  However, if a prisoner can show that the § 2255 remedy would be "'inadequate

or ineffective to test the legality of [the prisoner's] detention,'" he may be permitted to

bring a habeas corpus claim pursuant to § 2241 under the savings clause of 2255 (e).  *See

Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255).  To

invoke this exception, a petitioner must make a two-prong showing: (i) that his claim is

"based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense;" and, (ii) that his claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States,* 243 F.3d 893 at 904.

Zavala makes no such showing here.  He has not identified a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense.  Contrary to his assertions, neither *Mathis* nor *Mellouli* provide a basis for invoking the savings clause of § 2255.  *See In re Lott*, 838 F. 3d 522, 523 (5th Cir. 2016) (indicating *Mathis* is not retroactively applicable to cases on collateral review because *Mathis* did not announce a new rule of constitutional law); *Holland v. Johnson*, No. 1:16-CV-06000, 2017 WL 7083716 (S.D.W.V. Sept. 7, 2017) (§ 2241 petition challenging sentencing enhancement pursuant to *Mellouli* did not come within scope of savings clause).

Rather, Zavala's challenge is to the validity of his sentencing enhancement.  The Fifth Circuit has long held that "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."  *In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011); *see also Preston v. Ask-Carlson*, 583 F. App'x. 462, 463 (5th Cir. 2014) ("[C]laims relating to sentencing determinations do not fall within the savings clause and are not cognizable under § 2241, even where the petitioner asserts a 'miscarriage of justice' or actual innocence relating to the alleged sentencing

3

errors."). Because Zavala challenges the validity of his sentence, his claims "must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him." *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (citing *Cox v. Warden*. 911 F.2d 1111, 1113 (5th Cir. 1990)). Although his requests for post-conviction relief have been unsuccessful, he cannot rely on § 2241 to circumvent the procedural bars of § 2255. Neither a prior unsuccessful § 2255 motion, nor the inability to meet AEDPA's "second or successive" requirement, renders § 2255 inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Because Petitioner fails to make the requisite showing to bring his claims within the savings clause of 2255(e), the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

4

the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective

December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415,

1428-29 (5th Cir. 1996).

       Respectfully submitted on May 29, 2020.


                                                s/ Linda R. Anderson
                                   UNITED STATES MAGISTRATE JUDGE